No. 2162.

The Texas & New Orleans Railroad Company *v.* M. R. Berry.

1. Statute Construed—Damages.—Under the provisions of title 53 of the Revised Statutes, the widow can only recover damages for an injury resulting in the death of her husband when the injury is of such a character as would, had death not resulted, have entitled the husband to maintain his action for damages.

2. Negligence of Fellow Servant—Damages.—The widow of one who, at the time of receiving the injuries which resulted in his death, was brakeman on a railway train, can not recover from the railway company damages on account of the death of her husband when the death resulted from the negligence of the engineer in operating the train, unless there was a want of due care on the part of the company in employing the engineer.

3. New Trial—Fact Case.—See facts set forth at length in the opinion *held* not sufficient to sustain a verdict for damages.

**4. RIGHT OF ACTION—DAMAGES.**—Either the widow or any of the children of one killed by the negligence of another, under such circumstances as would give right of action under Title 53 of the Revised Statutes, may maintain the action for the benefit of all. (Rev. Stat., art. 2404.)

**5. PLEADING.**—When such an action was instituted by the widow in her own name, by petition which disclosed that there was an only child of the deceased, whose name was stated, and the prayer of the petitioner was that the damages might be apportioned between them, after an averment that both were damaged by the death, it was held that the averments were in substance sufficient, and that, if defective, the defect should have been taken advantage of by special exception.

APPEAL from Orange.    Tried below before the Hon. W. H. Ford.

*E. P. Hill*, for appellant, on his proposition that the evidence did not authorize the verdict, cited Railroad Company v. Crowder, 63 Texas, 502; Railroad Company v. Willie, 53 Texas, 318; Wood's Railway Law, Volume III, sections 389, 394.

*John T. Stark*, for appellee.

GAINES, ASSOCIATE JUSTICE.    This suit was brought by appellee to recover of appellant, under the provisions of Title 53, of the Revised Statutes, damages for an injury resulting in the death of her husband.    It is alleged in substance that the injury was caused by the carelessness of an engineer—one Sunburg; that he was negligent and incompetent, and that appellant's officers and agents did not exercise due care in selecting and employing him as engineer.

According to the provisions of the title cited, the widow and other beneficiaries can only recover when the injury is "of such a character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury." (Rev. Stat., art. 2900.)    The evidence shows that, at the time the accident occurred which resulted in the death of the husband, he was employed as a brakeman by the railroad company, and was engaged in the performance of his duties as such.    It follows that the appellee can not be permitted to recover on account of the negligence of the engineer—the fellow servant of the deceased—unless a want of due care on the part of the company in employing him be shown by the evidence.

There was some evidence adduced on the trial tending to show that the engineer was either reckless or unskillful on this partic-

ular occasion, and that his conduct caused the accident. This, however, is very meagre and somewhat unsatisfactory. It was also found that on the same day or the day before the outside case of the steam chest of an engine he was running was blown out; but the evidence does not disclose whose fault this was. On behalf of defendant, D..C. Smith testified that he was the master mechanic of the defendant company, and had been for some time before the accident occurred; that it was his business to employ the engineers; that the usual way for an employe to fit himself for the business of running an engine, was to serve as fireman about two years, by which time they gained sufficient experience to take charge of an engine by observing the engineer in the performance of his duties and taking his place when temporarily absent; that Sunburg was employed by him as fireman in October or November, 1880, and that he understood that he had been an old fireman and that he took hold of his work as if he understood it; that he promoted him to the position of engineer about December 1, 1881; that he had run a switch engine in Houston and he found no fault with him there; that when any accident occured through the carelessness of an employe, it was the duty of the foreman at the place to telegraph it to him, but that Sunburg was never so reported; that he remembered, that he had been at the Orange yard but a short time when the accident happened and that he recalled him to Houston a short time after, on account of his having got into a quarrel with some of his co-employes. The accident occurred December 19, 1881.

This is the substance of the whole testimony upon the subject of the care exercised in the selection of Sunburg as engineer. From this it appears that when he was sent to take charge of the switch engine at Orange, the master mechanic, whose duty it was to select these employes, had reason to think that he had served as fireman the usual period to fit him for the position of engineer; that he had served for some time as engineer and that no fault had been found with him.

We think that the evidence upon the question of the negligence of the company in employing Sunburg as engineer does not warrant the verdict of the jury and that the court below erred in not setting aside the verdict and granting a new trial.

The assignment to the effect that the judgment is erroneous because it is rendered for the benefit of appellee and her minor child, Beulah C. Berry, is not well taken. The statute expressly provides that any one of the parties entitled to damages in such

case may bring the action for the benefit of all. (Rev. Stat., art. 2904.)    Appellee instituted the suit as the sole plaintiff, without saying in so many words that she sued for the benefit both of herself and of her minor child; but in the body of her petition she alleges that her deceased husband left an only child, named Beulah C. Berry, who was the child also of appellee; alleges damages to both from the death of the husband and father, and prays for judgment for their damages, and in the supplemental petition also prays that the jury apportion the damages between them.    We think this substantially good, and that if there be any defect it is such as ought to have been taken advantage of by special exception, specifically pointing it out.

Evidence of the declarations of the deceased made after he was removed from the place of the accident to his house, were admitted as a part of the *res gastæ* over the objection of defendant, and an exception was taken, which appears in the statement of facts.    The ruling of the court not having been assigned as error, we do not deem it proper to consider the question.

Because the verdict of the jury is not supported by the evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered January 18, 1887.