

## Office of the Attorney General
### State of Texas

DAN MORALES
ATTORNEY GENERAL

December 6, 1991

Ms. Jeannene Fox
Acting Administrator
Texas Alcoholic Beverage Commission
P.O. Box 13127
Capitol Station
Austin, Texas 78711-3127

Opinion No. DM-63

Re: Rate of interest on delinquent tax payments under section 32(b) of the Bingo Enabling Act, V.T.C.S. art. 179d (RQ-210)

Dear Ms. Fox:

You have requested our opinion on whether article 13 of House Bill 11, passed during the First Called Session of the 72d Legislature, raised the interest rate on tax payments due under section 32(b) of the Bingo Enabling Act (the act), article 179d, V.T.C.S., from ten percent a year to twelve percent a year, compounded monthly. If we conclude that House Bill 11 did change the interest rate under section 32(b) from ten percent a year to twelve percent a year, compounded monthly, you request our opinion as to when the interest begins to accrue.

The act imposes a five percent tax on all taxable gross receipts[1] from the conduct of bingo games. V.T.C.S. art. 179d, § 2A(a), (b), *amended by* H. B. 11, Acts 1991, 72d Leg., 1st C.S., ch. 5, § 11.02, at 183. All licensees conducting bingo games must submit quarterly financial reports to the Texas Alcoholic Beverage Commission (the commission) and the comptroller of public accounts and must submit quarterly gross receipts tax payments to the commission. V.T.C.S. art. 179d §§ 2A(c), 23(a); *see also* 34 T.A.C. § 3.550 (requiring quarterly reports for gross receipts tax). The commission deposits all tax payments it receives pursuant to section 2A of the act into the state's general revenue fund. *Id.* § 2A(d). Under section 29 of the act, any person who fails to file a quarterly return or to pay the required taxes in a timely manner forfeits five percent of the amount due as a penalty, and after thirty days have passed, the person forfeits an additional five percent. *Id.* § 29(a). In addition to the penalty, the act provides that delinquent taxes shall draw interest beginning sixty days from the date the taxes were due. *Id.* § 29(b).

---

[1]The first $15,000 of gross receipts from the conduct of bingo within each reporting period is exempt from the tax. V.T.C.S. art. 179d, § 21.

The act also provides the commission with the power, should it believe that the collection of any or all of a licensee's tax payment will be jeopardized by delay, to determine the amount of tax the licensee will owe. *Id.* § 32(a). This amount of tax becomes due and payable immediately upon the commission's determination of the amount due. *Id.* Upon being served with notice of the commission's jeopardy determination, the licensee has twenty days in which to file a petition for redetermination or pay the tax. *Id.* § 32(b). If the licensee fails to pay the amount the commission has specified within twenty days and fails to petition for redetermination, the commission will impose a delinquency penalty of ten percent of the amount due. *Id.* In addition, interest begins to attach to the delinquent principal and the penalty due. *Id.*

Before the legislature enacted House Bill 11, both sections of the act prescribing interest on delinquent tax payments, sections 29(b)[2] and 32(b),[3] specified an interest rate of ten percent a year. In article 13 of House Bill 11, however, the legislature amended section 29(b) of the act to state that "[d]elinquent tax shall draw interest at the rate provided by Section 111.060, Tax Code, beginning 60 days from the due date." H. B. 11, Acts 1991, 72d Leg., 1st C.S., ch. 5, § 13.04, at 185. Section 111.060(a) of the Tax Code also was amended in article 13 of House Bill 11 so that it now reads, "The yearly interest rate on all delinquent taxes imposed by this title is 12 percent, compounded monthly." *Id.* § 13.01, at 185. In addition to amending section 29(b) of the act and section 111.060 of the Tax Code, article 13 of House Bill 11 amends delinquent tax provisions in other sections of the Tax Code, the Public Utility Regulatory Act, and V.T.C.S. article 6060 so that all of them either incorporate, as did the amendment to section 29(b) of the act, or parallel section 111.060 of the Tax Code. *See id.* § 13.02, at 185 (amending section 157.204 of the Tax Code to incorporate interest rate set in section 111.060 of the Tax Code); *id.* § 13.03, at 185 (amending section 158.151(a) of the Tax Code to incorporate interest rate set in section 111.060 of the Tax Code); *id.* § 13.05, at 185 (amending section 79 of Public Utility Regulatory Act, V.T.C.S. art. 1446c, to raise interest rate on delinquent fees from ten percent per annum to twelve percent per annum, compounded monthly); *id.* § 13.06, at 185 (amending section 4(b), V.T.C.S. art. 6060, to raise interest rate on delinquent taxes from ten percent a year to twelve percent a year, compounded monthly).

---

[2]Before the legislature enacted House Bill 11, section 29(b) of the act read, "Delinquent tax shall draw interest at the rate of 10 percent a year, beginning 60 days from the due date."

[3]Section 32(b) of the act reads, in pertinent part, "[I]nterest at the rate of 10 percent a year shall attach to the amount of the tax or the amount of the tax required to be collected."

Article 13 of House Bill 11 does not expressly amend section 32(b) of the act.[4] As a result, the interest rate on delinquent tax payments due under section 32(b) is lower than the interest rate on delinquent tax in all of these other provisions, most notably section 29(b) of the act. Prior drafts of final House Bill 11, committee reports, and bill analyses make no mention of section 32(b) of the act; thus, we cannot infer that the legislature intended to amend section 32(b), but simply overlooked it in the final bill. Consequently, only if we find some evidence of a legislative intent to raise the interest rate in section 32(b), through statutory construction of the pertinent sections of House Bill 11 can we read a twelve percent interest rate into section 32(b).

When attempting to discern legislative intent from the words of a statute, we must presume that at the time the legislature enacted the statute, it knew of the existence of previously enacted statutes. *See Garner v. Lumberton Indep. School Dist.*, 430 S.W.2d 418, 423 (Tex. Civ. App.--Austin 1968, no writ); *City of Irving v. Dallas County Flood Control Dist.*, 377 S.W.2d 215, 219 (Tex. Civ. App.--Tyler, writ granted), *rev'd on other grounds*, 383 S.W.2d 571 (1964); *Canode v. Sewell*, 172 S.W. 142, 146 (Tex. Civ. App.--Amarillo 1914, no writ); Attorney General Opinion V-1215 (1951), at 2. We also must presume that every word the legislature excluded from a statute has been excluded for a purpose. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981). Thus, unless the unamended section conflicts hopelessly with provisions House Bill 11 expressly amended, we cannot insert a new requirement into the statute. *See Cameron*, 618 S.W.2d at 540; *Canode*, 172 S.W. at 146.

In addition to the presumption that the legislature knew about section 32(b) of the act when it enacted House Bill 11, the legislature's express amendment of

---

[4]Section 32(b) is not part of title 2 of the Tax Code, the title of which section 111.060 of the Tax Code is a part.

Section 33 of the act states:

> Subtitle B, Title 2, Tax Code, applies to the administration, collection, and enforcement of the taxes authorized or imposed under this Act except as modified by this Act. (Footnotes omitted.)

It has been suggested that section 33 raises the interest rate in section 32(b) because the rate of interest set in 111.060 of the Tax Code would apply throughout the act. However, as we discuss *infra*, because the legislature expressly raised the delinquent tax interest rate in section 29(b) while leaving the delinquent tax interest rate in section 32(b) untouched, we believe the legislature intended section 32(b) to modify the provisions of subtitle B of title 2 of the Tax Code.

section 29(b) of the act to incorporate the higher interest rate, as well as other amendments to the act elsewhere in House Bill 11,[5] indicates that the legislature indeed was aware of the act's provisions when it enacted House Bill 11. By explicitly amending section 29(b) while leaving section 32(b) of the same act untouched, we believe the legislature purposefully chose not to raise the interest rate in section 32(b). Furthermore, section 32(b) in its unamended state does not render any other statutory provision inoperable, nor is it rendered inoperable by any other provision. In sum, we find no evidence that the legislature intended to raise the interest rate section 32(b) attaches to delinquent tax, and we therefore conclude that the interest rate in section 32(b) should remain ten percent a year. Because we reach this conclusion, we need not answer your second question.

## SUMMARY

House Bill 11, Acts 1991, 72d Leg., 1st C.S., ch. 5, at 134, did not amend section 32(b) of the Bingo Enabling Act. Accordingly, the interest rate on jeopardy determinations under section 32(b) of the act remains at ten percent a year.

Very truly yours,

DAN MORALES
Attorney General of Texas

---

[5]In addition to explicitly raising the interest rate in section 29(b) of the act, the legislature amended several other sections of the act in article 11 of House Bill 11. In section 11.01 of House Bill 11, the legislature amended section 13(d) of the act to increase several of the fees for licenses to conduct bingo and commercial licenses to lease bingo premises. In section 11.02 of House Bill 11, the legislature amended section 2A(b) of the act to increase the amount of the gross receipts tax from two percent to five percent of the taxable gross receipts. In section 11.03 of House Bill 11, the legislature added section 2B to the act. The new section imposes a tax on the rental of premises for the conduct of bingo games. In section 11.031 of House Bill 11, the legislature added section 19b to the act. The new section requires a licensee to collect from each person who wins a prize in a bingo game a fee equal to three percent of the amount or value of the prize. In section 11.04 of House Bill 11, the legislature made a small word change to section 20 of the act and amended section 31 of the act to incorporate a reference to the new tax on the rental of premises for the conduct of bingo games. Considering all of these amendments to the act, in addition to the amendment of section 29(b) of the act, we conclude that the legislature, if it had wanted to raise the interest rate imposed in section 32(b) of the act, would have amended it explicitly.

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kym Oltrogge
Assistant Attorney General