**DALLAS RY. & TERMINAL CO. v. HIGH et al.**

**No. 3409.**

Court of Civil Appeals of Texas. El Paso.

Oct. 29, 1936.

Rehearing Denied Nov. 19, 1936.

Worsham, Burford, Ryburn & Hincks, of Dallas, for appellant.

Robt. B. Allen and Carden, Starling, Carden & Hemphill, all of Dallas, for appellees.

HIGGINS, Justice (after stating the case as above).

Appellant presents two theories upon which it seeks reversal and rendition. The first is that it is entitled to judgment upon the findings of contributory negligence by John R. Godwin in operating the motorcycle.

Under the death by wrongful act statute the negligence of the defendant "must be of such character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury." Article 4672, R.S.

It is well settled that damages recovered, for personal injuries to the wife negligently inflicted, constitute community property and in an action to recover such damages the contributory negligence of the husband is imputable to the wife and bars recovery. Some of the authorities to that effect are cited in Bostick v. Texas & P. Ry. Co. (Tex.Civ.App.) 81 S.W.(2d) 216. Therefore appellant asserts that if Mrs. Godwin had not died as the result of her injuries, the contributory negligence of her husband would have barred the maintenance of an action for her injuries and under the statute no action for such injuries can be maintained by Mrs. Godwin's surviving mother and child.

The ruling of the Supreme Court in Galveston, H. & S. A. Ry. Co. v. Kutac, 72 Tex. 643, 11 S.W. 127; Id., 76 Tex. 473, 13 S. W. 327, is contrary to such theory. In that case Mrs. Kutac died as the result of injuries sustained in a collision between a

wagon in which she and her husband were riding as passengers and a locomotive of the railway company. In a suit by her surviving children a charge was requested by the railway company instructing the jury that if Mrs. Kutac's husband was guilty of contributory negligence "then she would be charged with said negligence if living, and the plaintiffs, therefore, would not be entitled to recover."

Without discussion the court held the charge was correctly refused. Under the authority of this case the theory presented must be overruled.

The evidence shows that at the time of the accident Godwin and wife and two companions, all riding the motorcycle and the sidecar, were going to Cooper's place to get some sandwiches.

The appellant's second theory is the undisputed evidence shows Godwin and wife were on a joint mission, wherefore Godwin's negligence is imputable to Mrs. Godwin. This is without merit unless it appears Mrs. Godwin was in joint possession and control of the motorcycle and responsible for its operation. El Paso Electric Co. v. Leeper (Tex.Com.App.) 60 S.W.(2d) 187. The motorcycle belonged to John Godwin's employer. Appellant points out no evidence to show Mrs. Godwin had any right to joint control and responsibility for its operation. The second theory is therefore without merit.

Affirmed.