DALLAS RAILWAY & TERMINAL COMPANY V. MRS. DOVIE ELIZABETH HIGH ET AL.

No. 7200. Decided March 24, 1937.
(103 S. W., 2d Series, 735.)

220

*Worsham, Burford, Ryburn & Hincks,* of Dallas, for plaintiff in error.

The negligence of the husband being imputed to the wife she could not, if living, have recovered, and the finding of negligence thus imputed bars recovery in behalf of the plaintiffs. Missouri Pac. Ry. Co. v. White, 80 Texas 202, 15 S. W. 808; Gulf C. & S. F. Ry. Co. v. Greenlee, 62 Texas 344; Thompson v. Fort Worth & R. G. Ry. Co., 97 Texas 590, 80 S. W. 990.

*Robert B. Allen, Carden, Starling, Carden & Hemphill,* of Dallas, for defendants in error.

A child and a parent of a married woman can recover under the death statute for injuries resulting in her death, proximately caused by the negligence of a third party, notwithstanding the concurring negligence of her husband who is the stepfather of her child. Galveston, H. & S. A. Ry. Co. v. Kutac, 76 Texas 474, 13 S. W. 327; Nickerson v. Nickerson, 65 Texas 281; Wright v. Tipton, 92 Texas 168, 46 S. W. 629.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This suit was instituted in the district court of Dallas County, Texas, by Mrs. Dovie Elizabeth High and James Turner, a minor, who sues by next friend, against Dallas Railway & Terminal Company, a corporation, to recover damages alleged to have resulted to them from the death of Mrs. Olean Godwin. Mrs. High sues as the surviving mother of Mrs. Godwin and James Turner as her surviving son.

It appears that Mrs. Godwin died almost instantly on January 27, 1935, as the result of injuries received in a collision between a street car belonging to the Railway Company and a motorcycle with a side-car attachment, in which she was riding at the time. The motorcycle was being driven by Mrs. Godwin's husband. The husband was also fatally injured, and died a few hours after the death of his wife.

The case was submitted to a jury in the district court on special issues, and in response to such issues the jury found:

1. That the Railway Company was guilty of negligence; that such negligence was the proximate cause of Mrs. Godwin's death; that Mrs. Godwin was not guilty of contributory negligence; and that Mrs. High and James Turner were damaged in the sum of $2,250.00.

2. That Mrs. Godwin's husband, who was driving the motorcycle in which she was riding at the time of her death, was guilty of negligence, and that such negligence on the part of the husband proximately caused and contributed to cause the collision and death of Mrs. Godwin.

The above verdict was duly received by the district court, and thereafter in due time the Railway Company made a motion for judgment in its favor based thereon. This motion was overruled, and judgment was entered for Mrs. High and James Turner for the amount found by the jury, $2,250.00. On appeal this judgment was affirmed by the Court of Civil Appeals. 97 S. W. (2d) 965. The Railway Company brings error.

As presented in this Court, but one question of law is involved, which is:

Did the findings of the jury to the effect that the husband of Mrs. Godwin was guilty of negligence, and that such negligence proximately caused, and contributed to cause, the collision and resultant death of Mrs. Godwin, as a matter of law, entitle the Railway Company to a judgment in its favor?

Article 4671, R. C. S. 1925, defines the cases in which actions for actual damages on account of the death of any person may be brought.

Article 4675, R. C. S. 1925, as amended, provides that actions for damages arising out of the death of any person shall be for the sole and exclusive benefit, etc., of the surviving husband, wife, children, and parents of the deceased.

Article 4672, R. C. S. 1925, reads as follows:

"The wrongful act, negligence, carelessness, unskilfulness or default mentioned in the preceding article must be of such character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury."

From the statement we have made it must be assumed that the negligence of Mrs. Godwin's husband proximately caused, and contributed to cause, the injuries that produced her death. This is because the jury so found on competent evidence.

It is settled as the law of this State that where the wife is injured as the result of the negligence of her husband she can not recover for such injuries. Missouri Pac. Ry. Co. v. White, 80 Texas 202, 15 S. W. 808; Gulf C. & S. F. Ry. Co. v. Greenlee, 62 Texas 344; Northern Texas Traction Co. v. Hill, (Civ. App.) 297 S. W. 778; Bostick v. Texas & P. Ry. Co., (Civ. App., writ dismissed), 81 S. W. (2d) 216; Texas & P. Ry. Co. v. Rea, 27 Texas Civ. App. 549 (writ refused), 65 S. W. 1115; 30 Texas Jur., p. 787, Sec. 115, and authorities there cited.

By the express provisions of Article 4672, supra, the persons named in Article 4675, supra, can not recover damages under Article 4671, supra, for injuries resulting in death, unless the circumstances are such that if death had not ensued the person injured could have recovered. See the authorities above cited. Also see the following additional authorities: Thompson v. Fort Worth & R. G. Ry. Co., 97 Texas 590, 80 S. W. 990, 1 Ann. Cas. 231; Stephenville N. & S. T. Ry. Co. v. Voss, (Civ. App.) 159 S. W. 64; Olivas v. El Paso Elec. Co., (Civ. App.) 38 S. W. (2d) 165; Anderson v. Texas & N. O. Ry. Co., (Civ. App.) 63 S. W. (2d) 1079; Wilson v. Brown, (Civ. App.) 154 S. W. 322; Magnolia Coca-Cola Bottling Co. v. Jordan, 124 Texas 347, 78 S. W. (2d) 944, 97 A. L. R. 1513; Sullivan-Sanford Lumber Co. v. Watson, 106 Texas 4, 155 S. W. 179; Texas & N. O. Ry. Co. v. Berry, 67 Texas 238, 5 S. W. 817; Price v. Houston Direct Navigation Co., 46 Texas 535; Canode v. Sewell, (Civ. App.) 172 S. W. 142; Mt. Marion Coal Mining Co. v. Holt, 54 Texas Civ. App. 411, 118 S. W. 825; Texas & P. Ry. Co. v. Cumpston, 4 Texas Civ. App. 25, 23 S. W. 47; Truelson v. Whitney & Bodden Shipping Co., 10 Fed. (2d) 412. The above authorities could be multiplied several times, but we

think they are sufficient to show the correctness of the rule we have announced.

Since, in this instance, Mrs. Godwin could not recover for the injuries which she received in this collision, were she living, it follows from the above that her mother and son can not recover for her death resulting from such injuries. This ruling is in harmony with the plain language of Article 4672, supra, and is further in harmony with the numerous authorities above cited.

The opinion of the Court of Civil Appeals in the instant case, in effect, holds that the negligence of Mrs. Godwin's husband will not defeat a recovery in this instance for her son and mother, even though such husband's negligence proximately caused, and contributed to cause, her injuries and resultant death. This holding is expressly based on a statement in the opinion of Judge HOBBY, of the old Commission, in the case of Galveston, H. & S. A. Ry. Co. v. Kutac et al., 76 Texas 473, 13 S. W. 327. It appears that Mrs. Kutac, the mother of the plaintiffs in that case was killed while riding in a wagon with her husband by being struck by a train at or on a railroad crossing. The wagon and team belonged to a third party, and such third party was driving. We have examined the pleadings in that case, and the answer of the railway company with reference to the matter here under discussion simply pleads:

"If necessary to answer defendant says it is not guilty as the plaintiff alleges, and denies each and all the allegations in plaintiff's petition contained, & says the same are not true as therein alleged, and requires proof &c. And for further answer and plea defendant says, that if the plaintiffs mother was injured and killed as alleged (which it denies) it was because of her carelessness and recklessness and the carelessness and recklessness of the driver of the wagon in which she was, and the carelessness & negligence of Joseph Kutac, her husband, in approaching and driving on the defendants track without looking or listening for a train near said crossing—when they and each of them could have seen defendants train in time to have avoided said collision, if they or either of them had looked or listened, or used that ordinary care and precaution which the laws of nature and the laws of the land require of all persons for their own safety, when about to cross a railroad track—and this want of ordinary care and prudence on their part, and on the part of each of them, was the direct cause of said collision, and of the injuries and death of the plaintiffs mother, which defendant is ready to verify; wherefore the plaintiffs to have and maintain this suit ought not."

On the trial of the case the railway company requested the following charge:

"If you believe from the testimony that Joseph Kutac, the husband of Annie Kutac, deceased, was in said wagon with his wife, and in a position to have, by the use of reasonable or ordinary care, prevented said collision, or injury and death, and that he failed to do so, or use such care as a reasonable prudent person would have used under the circumstances, and that such failure on his part contributed proximately to the death of said Annie Kutac, then she would be charged with such negligence, if living, and the plaintiffs, therefore, would not be entitled to recover."

In passing on whether or not the trial court committed error in refusing the above charge, the opinion simply says: "This was, we think, correctly refused." The opinion does not mention or discuss the statute, now substantially contained in Article 4672, nor does it give any reason for its ruling. It may be that the Court considered the above quoted pleadings as simply an attempt to charge Mrs. Kutac with the negligence of the driver of the wagon and the negligence of her husband for the same reasons, and not as an attempt to charge Mrs. Kutac with the negligence of her husband as such under the statute. Also, it may be that the Court was of the opinion that the issue requested by the refused charge was not raised by the evidence. We have not taken the time to read the statement of facts. At any rate, we can not allow an opinion like this to have effect to overrule the plain, simple, and unambiguous words of the statute and the numerous decisions above cited.

Being of the opinion that the findings of the jury to the effect that Mrs. Godwin's husband was guilty of negligence, and that such negligence proximately caused, and contributed to cause, the collision and resultant injuries and death of Mrs. Godwin, entitle the railway company to a judgment, the judgments of the Court of Civil Appeals and of the district court must be reversed, and judgment here rendered for the railway company. It is therefore so ordered.

Opinion delivered March 24, 1937.