Ferdinand **LEDERLE** et ux., Appellants,

v.

**UNITED SERVICES AUTOMOBILE ASSO-CIATION, Appellee.**

**No. 4408.**

Court of Civil Appeals of Texas.

Waco.

Sept. 9, 1965.

Rehearing Denied Sept. 30, 1965.

Head & James, Michael C. Kendrick, Jr.,
Corpus Christi, for appellants.

Mahoney, Shaffer & Hatch, Corpus
Christi, for appellee.

WILSON, Justice.

Appellants, husband and wife, citizens
and residents of Texas, appeal from a de-
claratory judgment in which the trial court
determined that appellee insurer did not
owe a defense under its automobile lia-
bility insurance policy, and was not obli-
gated to pay for the loss claimed under
that policy.

The automobile described in the policy,
owned by husband and wife, was involved
in a collision in Oklahoma. The husband
was the driver of the insured vehicle;
his wife was a passenger. The wife filed
suit against her husband in Oklahoma to
recover damages for her personal injuries.
It is recognized by the parties that under
Oklahoma law the wife may maintain an
action against her husband for such dam-
ages, alone, and in her own name.

By the present action the insurer sought
and obtained a declaration under Art. 2524–
1, Vernon's Ann.Civ.Stat., that it was not
obligated to defend the wife's suit against
the husband and was not liable for sums
which the husband became legally obligated
to pay thereby. The wife was enjoined

from further prosecuting the Oklahoma action against her husband. The insurer is a Texas reciprocal insurance association with its principal office in Texas. It issued its Texas standard form Family Automobile Policy in which the husband was the named insured. By policy definition the wife is also a "named insured," as well as an "insured." The policy was delivered in Texas.

The contention of husband and wife is that the insurer is obligated to defend and pay because the insuring clause requires it to pay all sums which the insured shall become legally obligated to pay because of bodily injury "sustained by *any person*" arising out of the ownership, maintenance or use of the owned automobile; and to defend any action alleging such injury. "Any person," they say, includes the wife of the named insured. They also insist that the law of Oklahoma, as that of the place of the tort and of the forum, governs all conflict of laws questions in the case. The Oklahoma court so held on preliminary pleas in the wife's action there against her husband.

What law governs as to the right of the wife to maintain an action for personal injuries against her husband?

█ Under Texas substantive law the wife cannot recover damages from the husband for injuries resulting from the husband's negligence. Nickerson v. Nickerson, 65 Tex. 281; Dallas Ry. & Terminal Co. v. High, 129 Tex. 219, 103 S.W.2d 735, 736; Crawford v. DeLong, Tex.Civ.App., 324 S.W.2d 25, writ ref. n. r. e.

█ Remedial rights, however, are generally controlled by the law of the forum, 16 Am.Jur.2d, Conflict of Laws, Sec. 76, which determines who may and who must sue and be sued. American Law Institute, Restatement, Conflict of Laws, Sec.

588; 15 C.J.S. Conflict of Laws § 22, p. 952. Such adjective law questions as proper joinder and misjoinder of parties, and whether the wife may be sole plaintiff in a suit against her husband are governed by Oklahoma law, that of the forum. Consequently, it is our opinion the Texas Court was not authorized to enjoin further proceedings in Oklahoma on grounds involving remedial law.

The preliminary question, however, is not one of adjective, but of substantive law: what law governs in determining whether the husband is immune from tort liability to the wife? That question has not been decided in Texas. The subject has received extensive treatment from eminent contributors to periodicals,[1] and text writers. Stumberg, in his Principles of Conflict of Laws (3d ed. 1963) 206, noting that suits such as the present are not permitted in community property states "because of the relationship of the recovery to the marital assets," concluded, "the domiciliary law has well-grounded claim for recognition."

The problem was not encompassed by the original American Law Institute Restatement, Conflict of Laws, but is dealt with directly by the tentative draft of the second Restatement, Sec. 390g:

"Intra-Family Immunity. Whether one member of a family is immune from tort liability to another member of the family is determined by the local law of the state of their domicil."

It is commented that the quoted rule represents the trend of the modern decisions, many of which are cited in the note. Holdings are listed from some jurisdictions, that the law of the place of the tort governs. Earlier decisions are collated in 22 A.L.R.2d 1248. Ford[1] suggests seven advantages in the application of the law of the matrimonial domicil. Among these are that it will result in consistency with

1. E. g., Ford, Interspousal Liability for Automobile Accidents, 15 Pitt L.Rev. 397 (1954); Paulsen and Severn, "Public Policy" in the Conflict of Laws, 56 Columbia L.Rev. 969 (1956); Hancock, Marital Immunity for Torts in Conflict of Laws, 29 Chicago L.Rev. 237, (1962).

the domestic policy of the state which has primary responsibility for regulating incidents of the marital relationship; and that it will provide certainty, avoiding diversity of decisions.

■ In our opinion the law of the domicil of husband and wife, that of Texas, controls the question of the husband's immunity from tort liability.

■ Will equity intervene, then, to restrain prosecution of the Oklahoma action on this ground alone? Such power should be exercised sparingly, and only to prevent manifest wrong and injustice. University of Texas v. Morris, 162 Tex. 60, 344 S.W.2d 426, cert. den. 366 U.S. 973, 81 S.Ct. 1940, 6 L.Ed.2d 1262; 43 C.J.S. Injunctions, Sec. 49. See Barr v. Thompson, Tex.Civ.App., 350 S.W.2d 36. Injunction will not ordinarily be granted merely to prevent invocation of the more favorable law of another state. 28 Am.Jur., Injunctions, Sec. 221. The remedy will not lie unless an actual evasion of the substantive law of the domicil will probably result. Id.; 43 C.J.S. Injunctions § 49; 4 Pomeroy, Equity (5th Ed.), Sec. 1361. Neither the husband nor his creditors seek to stay prosecution of the suit. In our opinion prosecution of the action in Oklahoma should not be restrained at the instance of the insurer because recovery of the proceeds of the policy in an effort to enforce the judgment would be precluded in any event for the following reasons.

Appellants urge that if the wife recovered a judgment against the husband in Oklahoma, the recovery on the Texas insurance policy would be her separate property because, under proper choice of law, that of Oklahoma governs the status of the judgment as separate or community, and under the law of the latter state the recovery is separate property. For that added reason they say the judgment should be reversed.

■ The rule is settled otherwise. Whether such property is separate or com-

munity is governed by the law of the domicil of husband and wife. American Law Inst., Restatement, Conflict of Laws, Sec. 290; 16 Am.Jur.2d, Conflict of Laws, Sec. 35; 41 C.J.S. Husband and Wife § 466; Tirado v. Tirado, Tex.Civ.App., 357 S.W. 2d 468, 471, writ ref. n. r. e.; Stumberg, Principles of Conflict of Laws (2d ed.) 312, 313; Speer, Marital Rights in Texas (4th ed.) Sec. 386; Reeves v. Schulmeier, 5 Cir., 303 F.2d 802, 806.

■ The chose in action representing the wife's right of recovery, and damages recovered for her personal injuries constitute community property of husband and wife under Texas law. Texas Constitution, Art. 16, Sec. 15, Vernon's Ann.St.; Ezell v. Dodson, 60 Tex. 331, 334; Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102; McAdams v. Dallas Ry. & Terminal Co., 149 Tex. 217, 229 S.W.2d 1012; 35 A.L.R. 2d 1232.

■ The automobile insurance policy is a community asset, and its proceeds, resulting from attempted enforcement of a judgment obtained in the Oklahoma suit, insofar as husband and wife are concerned, would be community property. The wife could not enforce a judgment for her personal injuries, constituting community property, by recovery of community property. Neither could she effect a partition by recovering only one-half of the proceeds. Hilley v. Hilley, 161 Tex. 569, 342 S.W.2d 565. Art. 4678, Vernon's Ann.Civ. Stat., relied on by appellees, applies to enforcement of "a right of action" in Texas courts, not to collection of a foreign judgment.

■ The foregoing reasoning does not militate, however, against the obligation of the insurer to defend the suit in Oklahoma, and in our opinion the insurer has that duty under its policy even "if the allegations in the suit are groundless," as the contract provides.

The judgment of the trial court is reversed and vacated, and the injunction is

dissolved. Judgment is here rendered declaring (1) that the insurer is obligated to defend the Oklahoma action and (2) that appellee is not liable for the payment under its policy of any judgment which the wife may obtain against the husband in the Oklahoma action. Costs are taxed ¼ against appellant, ¾ against appellee.