**Opal REEVES et vir, Appellants,**

v.

**Doroteo RODRIGUEZ, Appellee.**

**No. 7160.**

Court of Civil Appeals of Texas,
Beaumont.

Sept. 17, 1970.

Rehearing Denied Oct. 15, 1970.

Glosserman, Alter, Smith & Rosenheim, San Antonio, for appellants.

Huson, Clark & Thornton, San Antonio, for appellee.

STEPHENSON, Justice.

This is an action for damages arising out of an automobile collision. Trial was by jury, and judgment was entered for defendant upon the issues. The parties will be referred to here as they were in the trial court.

Plaintiffs, Opal Reeves, as a passenger, and Robert Reeves, as driver, were riding in an automobile which was involved in an intersection collision with a truck owned and operated by defendant, Doroteo Rodriguez. The jury found defendant guilty of negligence in failing to keep a proper lookout, making a left turn when it could not be done with safety and driving his

truck in the path of plaintiff's automobile and that each act of negligence was a proximate cause of the collision. The jury also found plaintiff, Robert Reeves, was negligent in failing to keep a proper lookout, and failing to apply his brakes, each of which was found to be a proximate cause of the collision. The jury failed to find that plaintiff was negligent in driving too fast.

Plaintiffs' first series of points of error are that there is insufficient evidence to support the findings of the jury that plaintiff, Robert Reeves, was guilty of negligence in the respects found and that such negligence was a proximate cause of the collision. The contentions are also made that such findings are against the weight and preponderance of the evidence. In passing upon these points of error, we consider the entire record.

All of the evidence shows this collision occurred at the intersection of Steves Avenue and Mission Road in the City of San Antonio, about 6:00 a. m., September 14, 1967. The weather was clear and it was daylight. Mission Road had two lanes and Steves Avenue six lanes, and they intersected at approximately right angles. The six lanes of Steves Avenue were divided by a concrete median which according to the exhibits, appears to be several feet in width. Each lane was about ten feet in width. Both the plaintiffs' automobile and the defendant's truck were being driven in a westerly direction on Steves Avenue just before the collision occurred. It is also agreed that defendant was in the act of making a left turn at the intersection when the truck and automobile collided. There are many differences in the testimony as plaintiff and defendant each gave their version as to how the collision occurred. According to plaintiff the traffic light changed from red to green when he was about fifty yards from the intersection when suddenly defendant made a left turn in front of him. On the other hand, defendant testified he looked into his mirror when he was about 150 feet from the in-

tersection and did not see anyone coming, so he put on his signal light and started moving into the next lane to come to a stop at the intersection. Plaintiff testified he did not see a signal on defendant's truck and in fact was not looking at the truck but straight ahead. From a study of the entire record, there is evidence to support the findings of the jury that plaintiff failed to keep a proper lookout and was negligent in failing to apply his brakes, and that each of such acts of negligence was a proximate cause of the collision. We do not conclude that the jury findings were clearly wrong or manifestly unjust. These points are overruled.

Plaintiff has a point of error that the trial court erred in refusing to allow plaintiff's wife to recover by imputing plaintiff's negligence to her. Plaintiff argues that Article 4615, Vernon's Ann.Civ.St., as it existed at the time this cause of action arose, provided that the recovery for personal injuries to a wife was her separate property except for certain expenses. Effective January 1, 1968, Article 4615, V.A.C.S. was amended to make the recovery by either spouse for personal injuries the separate property of that spouse, except recovery for loss of earning capacity during marriage. The new Family Code effective January 1, 1970, in Section 5.01(a)(3) provides essentially the same thing.

Since neither amended Article 4615 nor the Family Code provision was in effect at the time of the accrual of the cause of action, we fail to see how the provisions thereof could affect the substantive law of the State or plaintiff's rights. Cf. Lederle v. United Services Automobile Association, 394 S.W.2d 31, 34 (Tex.Civ.App.—Waco, 1965), judgment vacated as moot, 400 S.W. 2d 749 (Tex.Sup., 1966), and cases cited under syllabus 9.

Article 16, Sec. 15 of the Texas Constitution, Vernon's Ann.St. provides in part:

"All property, both real and personal, of the wife, owned or claimed by her

before marriage, and that acquired afterward by gift, devise or descent, shall be the separate property of the wife; * * *."

The Supreme Court of the State of Texas in Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799 (1925) held that similar statute making rents and revenues from the wife's separate estate her separate property to be unconstitutional, and that during marriage only that property acquired by gift, devise and descent would become her separate property. Thus, under the statutory and case law as it existed at the time the cause of action accrued, the recovery of the plaintiffs for the injury to the wife would have been community property.

■ In any event, it is clearly settled in Texas that where the wife is injured as the result of the negligence of her husband she cannot recover for such injuries. Dallas Railway & Terminal Co. v. High, 129 Tex. 219, 103 S.W.2d 735, 736 (1937). See also the discussion of the Texas doctrine of imputed negligence to be found in 35 A.L.R.2d 1251. The point is overruled.

■ The jury found in response to Special Issue No. 18 that $2,000.00 was a reasonable charge for the medical expense incurred by plaintiff's wife. Then in answer to Special Issue No. 25, the general damage issue as to plaintiff's wife, the jury answered: "Only the $2,000.00 as stated in question No. 18." Plaintiff contends there is a conflict between these two answers, and that the answer to Special Issue No. 25 was contrary to the great weight and preponderance of the evidence. The recent Supreme Court case of Owens v. Rogers, 446 S.W.2d 865, 866 (Tex.Sup., 1969) restated the frequently quoted rule that any error relating to the damage issues would be immaterial since the jury found contributory negligence. The points are overruled.

Affirmed.