**Ellis E. GIVENS et ux.**

v.

**Donald Lee TERRELL.**

No. 8063.

Court of Civil Appeals of Texas, Amarillo.

Nov. 23, 1970.

Rehearing Denied Dec. 21, 1970.

Huff & Bowers, Broadus A. Spivey, Lubbock, for appellants.

Crenshaw, Dupree & Milam and Max C. Addison and Cecil Kuhne, Lubbock, for appellee.

JOY, Justice.

Appellants sued appellee for damages resulting from a collision occurring when their pickup truck ran into the rear end of another pickup stopped on a highway within a cloud of smoke blowing or drifting across the highway from a field of burning wheat stubble that had been intentionally set afire by the appellee on his farm adjoining the highway. After trial to a jury the trial court rendered judgment for the defendant from which this appeal was perfected. The parties are referred to hereinafter as they appeared in the trial court. The judgment is affirmed.

The case was submitted to the jury upon issues answered (1–3) that the defendant maintained the fire when the wind was from a direction to permit the smoke to drift across the highway and such act was negligence and proximate cause, (4–5) that defendant's failure to post a flagman at the entrance of the smoke was negligence and proximate cause, (6–7) that defendant was negligent in ordering the fire department off his land while they were attempting to extinguish the fire and this was a proximate cause, (8–9) that defendant's burning of the wheat stubble and allowing smoke to drift across the highway constituted a nuisance that was a proximate cause, (13) it was not an unavoidable accident, (14–15) plaintiff driver Mr. Givens' failure to stop and wait for the smoke to clear was negligence and a proximate cause, (16–19) there was risk of harm to both plaintiffs in driving to the smoke area, Mr. Givens knew of the risk but did not fully appreciate the risk and harm, (20–21) that Mrs. Givens (the passenger with her husband) failed to keep a proper lookout that was a proximate cause, (22–23) that Mr. Givens failed to keep a proper lookout which was a proximate cause and (26–28) that Mr. Givens failed to de-

termine whether the visibility was sufficient to proceed which was negligence and proximate cause.

■ Plaintiffs' first point of error contends that the jury finding that the defendant's burning of the wheat stubble and allowing the smoke to drift across the highway was a nuisance, rendered contributory negligence as no defense, and judgment should have been rendered for plaintiffs. In 41 T.J.2d, Sec. 18, Page 594 we find: "Contributory negligence is not available as a defense to one who has created a nuisance. The fact that the person who was injured might have abated the nuisance and failed to do so does not preclude a recovery, even though he could have removed the nuisance at a trifling expense. However, it has been held that the rule precluding contributory negligence as a defense to one who has created a nuisance is limited in its application to cases of absolute nuisance, or those existing without legal justification, and not to a nuisance, so called, based on negligence." In Steele v. City of El Paso, 417 S.W.2d 923, 924 (Tex.Civ.App. ref'd n. r. e.) that Court stated in part: "* * * This position is, in our opinion, upheld and sustained in the following cases which state that the danger, in order to constitute a nuisance, must be inherent in the thing itself and be beyond that arising from negligence in its use. The record does not indicate inherent danger was adequately pleaded or proved. (Citing cases)" The plaintiffs here pleaded both common law negligence and nuisance. However, the activity itself of burning wheat stubble, we do not think is in itself inherently dangerous. The manner, or conditions under which, the activity is conducted perhaps could cause it to be dangerous, but we think that would be more closely associated with negligence-caused nuisance and takes it out of the realm of absolute nuisance. Plaintiffs contend that the burning of the stubble intentionally by defendant constituted an unreasonable use of his own property, perforce constituted a nuisance. We do not agree.

Whether or not the burning of the wheat stubble was intentionally done by defendant is immaterial insofar as the determination of the question of negligence in the performance thereof is concerned.

■ Plaintiffs by point two contend no evidence, against the great weight and preponderance of the evidence and no duty regarding the improper lookout and proximate cause findings against plaintiff Mrs. Givens. Mrs. Givens' testimony indicates that she saw the smoke a considerable distance prior to entering same, that she and Mr. Givens discussed the smoke, that she wondered whether they "would get through it", but that they could not see upon entering the smoke but continued on nevertheless until they struck the pickup within the smoke that had already struck the rear end of another automobile. From this testimony we think the jury could reasonably infer that upon entering the smoke that Mrs. Givens was not keeping a proper lookout under the then circumstances and conditions. By inference at least the jury could believe that the fact that neither plaintiffs knew the density of the smoke prior to entering same would be at least circumstantial evidence of an improper lookout, even though both plaintiffs' testimony indicated that the smoke was clearly visible to them for quite a distance prior to the entering of same. At any rate, however, the jury found that Mr. Givens was negligent in failing to stop and wait for the smoke to clear. A wife passenger is precluded from recovery by a finding of contributory negligence on the part of her husband driver. Dallas Ry. & Terminal Co. v. High, 129 Tex. 219, 103 S.W.2d 735 (1937); 40 T.J. 2d, Sec. 122, Pages 639–40.

■ Appellants submit by their next three points no evidence and against the great weight and preponderance of the evidence in the jury findings of plaintiff Mr. Givens' failure to stop and wait for the smoke to clear along with negligence and proximate cause; the jury findings of improper lookout and proximate cause

against Mr. Givens and the further findings that Mr. Givens failed to determine whether or not there was sufficient visibility for plaintiffs to proceed with safety which was negligence and a proximate cause. Mr. Givens' testimony, as did Mrs. Givens', reflects that he saw the smoke on the roadway quite some distance to arriving at the actual location of the smoke. He admitted discussing the smoke with his wife and both parties wondering whether or not they could go through the smoke. Mr. Givens further testified that he saw the pickup going into the smoke that he later struck with his pickup. He further testified that he was driving around 55 m. p. h. but slowed to about 30 or 35 m. p. h. upon entering the smoke after which he could not see. Viewing only the evidence favorable to the issues, we find there is evidence of probative force from which reasonable inferences could be drawn to sustain the answers of the jury. Viewing all the evidence, we do not find that the answers are against the great weight and preponderance thereof.

We find no reversible error and the judgment of the trial court is affirmed.