John H. SCHWING et al., Petitioners,

v.

BLUEBONNET EXPRESS, INC., et al.,
Respondents.

No. B–2974.

Supreme Court of Texas.

Jan. 10, 1973.

Rehearing Denied Feb. 7, 1973.

Cauley & Kreshner, R. Douglass Cauley, Houston, Dunnam, Dunnam & Dunnam, W. V. Dunnam, Jr., Waco, for petitioners.

Clawson & Jennings, Paul C. Murphy, III, Max H. Jennings and Karl A. Maley, Houston, for respondents.

WALKER, Justice.

In Graham v. Franco, Tex.Sup., 488 S. W.2d 390, it was held that the cause of action and recovery for personal injuries to the body of a married woman, including disfigurement and physical pain and suffering, are her separate property. Our purpose here is to reexamine, in the light of that holding, the Texas rule that the contributory negligence of the husband precludes a recovery by the other statutory beneficiaries against a third party tortfeasor for the wrongful death of the wife.

Mrs. Margaret Jo Schwing lost her life on October 25, 1964, when the automobile driven by her husband and in which she was riding as a passenger struck the rear of a parked truck on the Southwest Freeway in Houston. The truck, which was owned by Wood Bros. Transfer, Inc., was under lease to Bluebonnet Express, Inc. Its operator was Johnnie Carlton Belin, who was an employee of Bluebonnet and acting in the course of his employment at the time. Mrs. Schwing was survived by her husband, John H. Schwing, and by two minor daughters, Anita Maureen Schwing and Kathy Eileen Schwing.

Suit was instituted by John H. Schwing, individually and as next friend for his two daughters, against Bluebonnet, Wood and Belin to recover damages under the Texas

wrongful death statutes, Art. 4671 et seq.[1] Anita Maureen Schwing reached her majority and married prior to the trial, and her husband was joined as a plaintiff. Johnnie Carlton Belin died prior to the trial, and the administrator of his estate was substituted as a defendant.

In response to the special issues submitted, the jury found that the accident was proximately caused by the negligence of Belin in stopping the truck partially on a traffic lane of the freeway and the negligence of Schwing in failing to keep a proper lookout. Damages were assessed by the jury as follows: (1) to Kathy Eileen Schwing $27,500.00; (2) to Anita Maureen Clark $17,500.00; and (3) to John H. Schwing $15,000.00. The trial court rendered judgment on the verdict that plaintiffs take nothing, and the Court of Civil Appeals affirmed. 470 S.W.2d 133.

Although plaintiffs argue to the contrary, we agree with the Court of Civil Appeals that there is some evidence to support the jury's findings that the accident was proximately caused by the negligence of John H. Schwing in failing to keep a proper lookout. The question to be decided is the effect of these findings on the rights of the several plaintiffs. Art. 4672 provides as follows:

> The wrongful act, negligence, carelessness, unskillfulness or default mentioned in the preceding article must be of such character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury.

Under this article the statutory beneficiaries may not successfully maintain an action for wrongful death where the decedent could not have recovered if he had survived the injuries. Sullivan-Sanford Lumber Co. v. Watson, 106 Tex. 4, 155 S.W. 179. For many years the recovery for personal injuries suffered by a married woman has been regarded by our courts as community property. Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102; Ezell v. Dodson, 60 Tex. 331; Northern Texas Traction Co. v. Hill, Tex.Civ.App., 297 S.W. 778 (wr. ref.). This led to the holding that the husband's contributory negligence barred a recovery against a third party for the wife's personal injuries. There are statements in some opinions suggesting that the negligence of the husband was imputed to the wife, but the rule that his contributory negligence precluded a recovery for her injuries was based on public policy and the principle that the husband should not be permitted to profit from his own wrong. It has been referred to as the community property defense. See Missouri Pac. Ry. Co. v. White, 80 Tex. 202, 15 S.W. 808; G. C. & S. F. Ry. Co. v. Greenlee, 62 Tex. 344; Northern Texas Traction Co. v. Hill, Tex.Civ.App., 297 S.W. 778 (wr. ref.); Bell v. Phillips Pet. Co., Tex.Civ.App., 278 S.W.2d 407 (wr. ref. n. r. e.); 13 S.W.L.J. 295.

Since the husband's contributory negligence would have prevented a recovery by the wife against a negligent third party if she had survived, it also barred a recovery by the statutory beneficiaries against a third party tortfeasor for the wrongful death of the wife. Dallas Ry. & Terminal Co. v. High, 129 Tex. 219, 103 S.W.2d 735. The Court of Civil Appeals properly relied on this rule in affirming the judgment of the trial court that plaintiffs take nothing in the present case. After the case was decided by the Court of Civil Appeals, however, we handed down our decision in *Franco*. It was there held: (1) that the cause of action and recovery for personal injuries to the body of a married woman are her separate property; and (2) that the contributory negligence of the husband does not bar a recovery by the wife for such injuries. The cases holding to the contrary were overruled.

■ In view of our holdings in *Franco*, the fact that the negligence of a husband

or wife proximately caused the death of the other spouse is no longer a relevant consideration in determining whether some act or omission of a third party satisfies the requirements of Art. 4672. The contributory negligence of the surviving spouse would not, if the decedent had survived, prevent the latter from maintaining an action to recover for disfigurement or physical pain and suffering. In the ordinary case, therefore, it will not immunize a negligent third party from liability to the other statutory beneficiaries for the death of the deceased spouse. The case of Dallas Ry. & Terminal Co. v. High, 129 Tex. 219, 103 S.W.2d 735, and other similar cases are overruled to the extent that they conflict with this holding.

Although plaintiffs appealed only as against Bluebonnet, briefs here and in the Court of Civil Appeals have been signed by attorneys for Bluebonnet and the Belin Estate. Their briefs in this Court were filed before our decision in *Franco*. They there assume, and with good reason, that if any part of the recovery for personal injuries suffered by one spouse is to be regarded as separate property, the change in our law was brought about by the amendment to Art. 4615 that became effective January 1, 1968. Acts 1967, 60th Leg., p. 736, ch. 309, § 1. The essential language of this statute was later carried into the Texas Family Code. V.T.C.A., Family Code § 5.-01.

Defendants point out that the accident in this case occurred in 1964, prior to the adoption of the amendment to Art. 4615. They insist that the present case must be governed by *High*, regardless of what the rule may be in suits arising from accidents that occurred after the statute was amended. We do not agree, because our decision in *Franco* did not turn on the provisions of the statute. We held that where the wife sustains personal injuries, the recovery for disfigurement, pain and suffering is her separate property wholly apart from the statute.

While the contributory negligence of John H. Schwing does not affect the rights of his children in the present suit, it does bar a recovery by him in his individual capacity. A beneficiary whose negligence contributed to cause the decedent's death will not be permitted to profit by his own wrong. Williams v. Texas & P. R. Co., 60 Tex. 205; Mitchell v. Akers, Tex. Civ.App., 401 S.W.2d 907 (wr. ref. n. r. e.); Blocker v. Brown Express, Inc., Tex. Civ.App., 158 S.W.2d 347 (no writ). Our statute provides for apportionment of the damages among the beneficiaries as determined by the jury. Art. 4677. In the absence of special circumstances such as a relationship of master and servant or the like, the contributory negligence of one beneficiary will not bar a recovery by another beneficiary who was not at fault. See 22 Am.Jur.2d, Death, § 110, Annotation, 2 A.L.R.2d 785, 799.

Defendants had cross-points in the Court of Civil Appeals asserting that there is no evidence to support the jury's findings that the accident was proximately caused by the negligence of Belin. After carefully reviewing the record, it is our opinion that there is no merit in these contentions. The cross-points are accordingly overruled.

As previously indicated, plaintiffs appealed only as against Bluebonnet. The latter had no claim for affirmative relief against plaintiffs or the other defendants. On the present record, therefore, Kathy Eileen Schwing and Anita Maureen Clark are entitled to judgment on the verdict against Bluebonnet, and the judgments of the courts below should otherwise be affirmed. It is accordingly ordered:

(1) That all claims and causes of action asserted by John H. Schwing in his individual capacity against defendants or any of them and all claims and causes of action asserted by plaintiffs against Wood Bros. Transfer, Inc., also known as Wood Bros. Transfer & Warehouse Co., Inc., and Karl A. Maley, administrator of the estate of Johnnie Carlton Belin, deceased, be and

they are hereby severed, and as to all such claims and causes of action the judgment of the Court of Civil Appeals is affirmed;

(2) That as to the remainder of the cause, which consists of all claims, causes of action and controversies between John H. Schwing as next friend for Kathy Eileen Schwing, Anita Maureen Clark and her husband, James Clark, on the one hand, and Bluebonnet Express, Inc., on the other hand, the judgments of the courts below are reversed and the cause is remanded to the trial court with instructions to render judgment on the verdict in favor of Anita Maureen Clark and Kathy Eileen Schwing and assess the trial court costs in such manner as the court may consider proper; and

(3) That the costs of appeal are adjudged against Bluebonnet Express, Inc.

SAM D. JOHNSON, not sitting.