**Jim RUCKER, Appellant,**

v.

**Maggie GARNER et vir, Appellees.**

**No. 4607.**

Court of Civil Appeals of Texas, Eastland.

Jan. 12, 1973.

Rehearing Denied Feb. 2, 1973.

Ennis Favors, W. J. Oxford, Stephenville, for appellant.

Sam Cleveland, Stephenville, Creighton & Cleveland, David Cleveland, Mineral Wells, for appellees.

WALTER, Justice.

Mrs. Maggie Garner and husband, W. C. Garner, recovered a judgment against Jim Rucker for damages and Rucker has appealed.

Garner was driving his automobile on the highway about two miles southwest of Dublin. His wife was in the front seat with him. Rucker was driving out of his driveway at his home near the highway and collided with the Garner car near the center of the highway. The jury found that Rucker failed to yield the right of way which was negligence and a proximate cause of the occurrence in question and

failed to keep a proper lookout which was a proximate cause of the occurrence in question. The jury also found that Garner failed to keep a proper lookout which was a proximate cause of the collision in question. The jury found that Maggie Garner was entitled to $2,500 for physical pain and mental anguish.

The court sustained Garner's motion to disregard the findings that Mr. Garner failed to keep a proper lookout which was a proximate cause of the collision in question and rendered judgment in favor of Mr. and Mrs. Garner.

Rucker contends there was some evidence of probative force to support the answers of the jury to issues numbers six and seven wherein they found that Mr. Garner failed to keep a proper lookout and that such failure was a proximate cause of the collision in question.

W. C. Garner, eighty-three years of age, whose driver's license was restricted to wearing glasses, was driving a 1964 Falcon Ford and testified substantially as follows: My wife and I were returning from Goldthwaite on Highway 377 at the time of the collision. Jim Rucker's house is near the edge of the town of Dublin and near the highway and there is a driveway from his house to the highway. I was traveling on the right-hand side of the highway making about thirty miles an hour at the time I first saw Mr. Rucker's car. He was asked the following question and he gave the following answer:

"Q. All right. Then as you traveled on down that distance there, what—tell the Jury what, if anything, happened and what occurred.

A. Well, as I was coming on down, why, all at once he popped out right in front of me, and my wife said, 'Look out!', said, 'You're going to hit him'. Well, I had seen him at that time—"

At the time my wife hollered, Rucker's car was about twenty feet ahead of me and he was crossing the road in front of me. I tried to pull to the left to avoid the collision and Rucker's car came on across the highway.

The record shows that as Mr. Garner approached the point of collision he traveled over a hill which one witness testified was about two hundred (200) yards from the point of impact and another witness testified that it was approximately 320 feet from the point of impact. The accident occurred in the daytime on a clear day. As Mr. Garner traveled this distance from the top of the hill to the point of impact there was nothing to prevent him from seeing the Rucker intersection of the highway and the Rucker car. In Enloe v. Barfield, 422 S.W.2d 905 (Tex.Sup.1967) the Court said:

"Courts are authorized to set aside jury findings on questions of proximate cause because of the absence of evidence to support them only in exceptional cases. Liberty Film Lines v. Porter, 136 Tex. 49, 146 S.W.2d 982, at 983 (1941). This is not such a case."

In the case of Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 at page 275 (1958), the Court said:

"In a case of this character, standards of ordinary care such as the direction and extent of the observation which Mrs. Ricketts should have made at any particular time cannot be fixed with any degree of certainty but must be left in large measure to the trier of fact. It is well settled, moreover, that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence. See English v. Miller, Tex.Civ.App., 43 S.W.2d 642 (wr. ref.); Henry v. Publix Theatres Corp., Tex.Civ.App., 25 S.W.2d 695 (wr. ref.). The jury is thus not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it. Its findings may not be disregarded under the provi-

sions of Rule 301, therefore, if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same."

We find some evidence of probative force to support the jury's answers to the issues that Mr. Garner failed to keep a proper lookout which was a proximate cause of the collision in question. The judgment insofar as Mr. W. C. Garner is concerned is reversed and judgment rendered that he take nothing.

In Graham et al. v. Franco et ux., 488 S.W.2d 390, the Supreme Court in a landmark opinion in passing upon the constitutionality of Section 5.01 of the Texas Family Code, V.T.C.A., which provides:

"(a) A spouse's separate property consists of:

(1) the property owned or claimed by the spouse before marriage;

(2) the property acquired by the spouse during marriage by gift, devise, or descent; and

(3) the recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss of earning capacity during marriage.

(b) Community property consists of the property, other than separate property, acquired by either spouse during marriage.",

held such statute to be constitutional and also held that the acts of negligence of the husband are not imputed to the wife so as to bar her recovery. The Court said:

"In any event, the reason for the rule that the negligence of the husband should be imputed to the wife (that he would profit from his own wrong) falls where the recovery for her injuries is her separate property. We have held that such recovery is her separate property, and the recovery will not be to him or

the community. Therefore, the contributory negligence of the husband does not bar the recovery by the wife. Cases which have followed the dictum of Ezell and have used the community property defense ("imputed negligence") are therefore wrong and should be overruled. Accordingly, the language in Missouri Pacific Ry. Co. v. White, 80 Tex. 202, 15 S.W. 808 (an adopted opinion by the Commission of Appeals, 1891), and the holding of Dallas Railway & Terminal Company v. High, 129 Tex. 219, 103 S.W.2d 735 (1937), and cases following them such as Northern Texas Traction Co. [Northern Texas Traction Co. v. Hill, Tex.Civ.App., 297 S.W. 778] referred to above, are overruled in so far as they conflict with this opinion. In the case at bar, the only acts of contributory negligence pleaded, submitted, and found were those of Mr. Franco, Mrs. Franco is therefore not barred from those items for which she may recover, set out above.

Where, as in the case of medical expenses and lost earnings, the recovery would be community, the contributory negligence of the husband must be attributed to the marital community so far as affects any right of action on behalf of the marital community. De Funiak, Principles of Community Property (1971) § 83."

There was no contention that Mrs. Garner was guilty of any acts of negligence in connection with the accident. The contributory negligence of her husband will not bar her recovery for the $2,500 award the jury made to her for physical pain and mental anguish.

The judgment is reversed insofar as it awards W. C. Garner a recovery and judgment is rendered that he take nothing.

The judgment is reformed so as to allow Mrs. Garner a recovery of $2,500 for physical pain and mental anguish and as reformed the judgment is affirmed.