Patricia S. **PHILLIPS** et vir, Appellants,

v.

Martin **TEINERT** et ux., Appellees.

No. 692.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 14, 1973.

Rehearing Denied April 18, 1973.

Jack R. Martin, Claude B. Masters, Martin & Masters, Houston, for appellants.

John S. Kiibler, Jr., Kiibler & Kiibler, LaPorte, Joe H. Rentz, John R. Cope,

Bracewell & Patterson, Stan L. McLelland, Baker & Botts, Houston, for appellees.

TUNKS, Chief Justice.

This is a personal injury case growing out of an automobile collision. Martin Teinert and his wife, Ella, were plaintiffs. Patricia S. Phillips and her husband, Carl E., were defendants. The defendants filed a cross-action seeking recovery of damages for injuries sustained by Patricia S. Phillips in the collision. The Teinerts and Parker Brothers & Company, Inc., were named cross-defendants. By a jury verdict it was found that Patricia S. Phillips was negligent and that her negligence caused the collision. There was no finding of negligence on the part either of the cross-defendants. Judgment on the verdict was rendered for the plaintiffs and the cross-defendants.

The elements of damage found by the jury and on which (together with stipulated car damage) the judgment for the plaintiffs is based include past lost earnings, pain and suffering and medical expenses of Martin Teinert. Other elements of damage are past and future pain and suffering and medical expenses of Ella Teinert. The judgment is rendered for Martin and Ella Teinert, jointly, for the sum of those elements of damage.

The statement of facts and the judgment in this case show that Martin Teinert died between the time this suit was filed and the time it was tried. His death was not caused by the injuries he received in the collision. Upon his death his cause of action survived in favor of his heirs, legal representatives or estate. Vernon's Tex. Rev.Civ.Stat.Ann. art. 5525 (1927). The record is entirely silent as to whether he died testate and as to whether any administration was had or was necessary. No suggestion of death was filed as contemplated by Texas Rules of Civil Procedure 151. No party appeared as an heir or as a representative of his estate to prosecute the cause of action which survived his death. The party in whose favor Martin Teinert's cause of action survived never became a party to this suit.

The problem in this case arises from the fact that the failure to join Martin Teinert's heirs or the representative of his estate has not been raised either in the trial court or in this Court. It has been completely ignored. The judgment, on its face, shows that Martin Teinert was dead at the time it was rendered in his behalf. Under the circumstances this Court must decide whether the judgment was so fundamentally erroneous that it must be set aside despite the failure of the parties to raise the error. We have concluded that it was.

The suit did not abate because of Martin Teinert's death. Tex.R.Civ.P. 150. Upon his death the defendants had the right to procure the issuance and service of a writ of scire facias. After such writ the failure of the heirs or representative to duly appear would have entitled the defendants to a discontinuance of the suit. Hermann v. Higgins Oil & Fuel Co., 260 S.W. 1094 (Tex.Civ.App.-Galveston 1924, writ ref'd). Tex.R.Civ.P. 151. Thus the court did not lose its authority to exercise jurisdiction over the cause of action which had accrued to Martin Teinert and, upon his death, survived in his heirs, representatives or estate.

■ The estate, heirs, or legal representatives of Martin Teinert who succeeded to his cause of action have "a direct interest in the object and subject matter of the suit and (their) interests will necessarily be affected by any judgment" rendered therein. It follows that they are indispensable parties to this suit. Veal v. Thomason, 138 Tex. 341, 351, 159 S.W.2d 472, 477 (1942). Tex.R.Civ.P. 39 (1971). 3A Moore's Federal Practice sec. 19.07 (1970).

■ In order for the trial court to have had the right and power to proceed to judgment in this case it must have had authority to exercise personal jurisdiction

over the indispensable party or parties. Such jurisdiction is as necessary to a court's proceeding to judgment as its jurisdiction of the subject matter is. Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.Sup.1966). Having no jurisdiction over the indispensable parties the trial court lacked authority to proceed to judgment as to the survived cause of action.

 The failure of the parties to make the successor(s) to Martin Teinert's cause of action parties to this law suit is fundamental error which must be noted by this Court on its own motion. Petroleum Anchor Equipment, Inc. v. Tyra, supra 892.

 In their cross-action against Parker Brothers the cross-plaintiffs pleaded for recovery of the damages they sustained as a result of the collision. They did not seek either contribution or indemnity. The Teinerts asserted no claim against Parker Brothers. All parties necessary to try the cause of action asserted in that cross-action were in court. It was a severable cause of action. That portion of the jury's verdict by which that cross-defendant was exonerated by negligence is not challenged. That cause of action is severed and the trial court's judgment on the cause of action against Parker Brothers is affirmed. That part of the judgment relating to the cause of action alleged by the Teinerts and the cross-action alleged against them is reversed and remanded.

One half of the costs of appeal are assessed against the appellants. The other half of the costs are assessed against the appellee, Mrs. Ella Teinert.

CURTISS BROWN, Justice (dissenting).

I respectfully dissent.

Martin Teinert instituted suit which invoked the jurisdiction of the court and appellants duly answered after being served with citation. Therefore, the trial court had jurisdiction of the subject matter and of the parties. French v. Brown, 424 S.W.2d 893 (Tex.Sup.1967). Error of appellants and appellees in failing to comply with Tex.R.Civ.P. 151 does not adversely affect the interest of the public generally, nor does it deprive the court of jurisdiction, once obtained, to proceed to judgment in the case. Newman v. King, 433 S.W.2d 420 (Tex.Sup.1968). Only the rights of these private parties are affected and the interest of the public generally is not affected in any way. Therefore, fundamental error is not presented. Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979 (Tex.Sup.1947); Schwing v. Bluebonnet Express, Inc., 470 S.W.2d 133, 138 (Tex.Civ.App.-Houston (14th Dist.) 1971), reversed in part on other grounds, 489 S.W.2d 279 (Tex.Sup.1973).