Patricia MATTHEWS et al., Appellants,

v.

NEWMAN BROTHERS TRUCKLINE COMPANY, Appellee.

No. 851.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 31, 1973.

Vern J. Thrower, Greg W. Thrower, K. D. Keenan, Houston, for appellants.

Charles R. Dunn, R. Charles Stiles, Wyckoff, Eikenburg, Russell & Dunn, Rex C. Mounger, Mounger & Whittington, Houston, for appellee.

TUNKS, Chief Justice.

On April 9, 1970, J. C. Matthews and Betty V. Trubic were killed in an automobile accident. The surviving wife and children of J. C. Matthews filed suit against Newman Brothers Truckline Company, owner of one of the vehicles involved in the accident, under Tex.Rev.Civ. Vernon's Stat.Ann. art. 4671, to recover damages resulting to them from the alleged wrongful death of J. C. Matthews. All of the legal survivors of Betty V. Trubic intervened and sought damages for her death. On January 29, 1973, the case was called for trial before a jury. After the parties, attorneys, and prospective jurors were assembled in the courtroom, the attorney for the defendant asked the attorneys for Matthews' survivors if J. C. Matthews had left surviving parents. Upon inquiry to their clients those plaintiffs' attorneys learned that J. C. Matthews' parents were alive. Those parents had not been named either as parties plaintiff or as parties for whose use and benefit the suit was being maintained. Defendant's attorney told the trial judge that J. C. Matthews had left surviving parents and asked that the case be postponed until they were made parties. The attorney for the Matthews plaintiffs urged that the trial be held without delay because his clients lived in Ohio and had come from there for the trial. The parents also lived in Ohio. The court ruled that the trial should proceed and directed the Matthews plaintiffs' attorneys to contact the parents, and try to get authority from them during the trial to join them as plaintiffs. The attorneys were unable to get the requested authority before the evidence was finished and the case was submitted to the jury. The parents were, however, told that the case was in trial and were given the opportunity to be named as parties and to participate in the trial. The plaintiffs' attorneys later got authority from Matthews' father, but not from his mother. Issues as to damages sustained by Matthews' parents were requested, but were refused by the court because there was no evidence of any such damages. In its verdict the jury failed to find any negligence on the part of the defendant. The trial court rendered judgment on the verdict for the defendant, decreeing that the plaintiffs, including Matthews' parents, take nothing.

The widow of J. C. Matthews could have named his parents in the petition as parties for whose use and benefit the suit was maintained. Tex.Rev.Civ.Stat.Ann. art. 4675. She did not do so. Apparently the trial court treated them as parties, although they were not so named, because he named them in the judgment. The attorneys for Matthews' other survivors apparently treated the parents as parties because those attorneys requested issues as to their damages. Matthews' surviving father, but not his mother, was named as an appellant in the notice of limited appeal which states the points to which the appeal is limited. One of those points proposes that the parents were indispensable parties and that the judgment should be reversed because they were not joined. Other points to which the appeal is limited contend that the judgment should be reversed because it adversely affects the interest of the parents without their having been given due notice and a fair opportunity to participate in the trial.

Those of appellants' points which relate to notice and an opportunity to participate are overruled. The trial court's action in proceeding to trial without delay was at the request of the attorneys for appellants. If it was error it was invited error. Appellants whose attorneys invited the error may not successfully complain of it on appeal. Tex.App.Pr. sec. 17.5 (1964).

The appellants' point of error relating to the failure to join Matthews' parents as parties is also overruled. In Schwing v.

Bluebonnet Express, Inc., 470 S.W.2d 133 (Tex.Civ.App.—Houston (14th Dist.) 1971), rev'd on other grounds, 489 S.W.2d 279 (1973), this Court held that in a wrongful death case the failure to join the mother of the deceased or to maintain the suit for her benefit was not such fundamental error as required reversal of judgment for defendants, when such failure was invited by the plaintiffs. It was also held by this Court in that case that negligence of the husband of the decedent was imputed to her and precluded recovery by her surviving children. The Supreme Court in Schwing v. Bluebonnet Express, Inc., 489 S.W.2d 279 (Tex.Sup.1973) reversed this Court's holding on the issue of imputed negligence. The Supreme Court's opinion did not discuss this Court's holding as to the failure to join the decedent's mother. The opinion did, however, include this language:

"On the present record, therefore, Kathy Eileen Schwing and Anita Maureen Clark (children of the decedent) are entitled to judgment on the verdict against Bluebonnet, and the judgments of the courts below should otherwise be affirmed." (parenthesis added) 489 S.W. 2d at 281.

The court remanded with instruction to render judgment on the verdict for the children. If the mother of the decedent had been an indispensable party, the failure to join her or sue for her benefit would have been fundamental error, which should have been noticed by the Court even on its own motion. Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.Sup.1966). The Supreme Court's remand for entry of judgment on the verdict necessarily implies that the mother of the decedent was not such an indispensable party that her nonjoinder could not be waived.

The appellants cite Phillips v. Teinert, 493 S.W.2d 584 (Tex.Civ.App.—Houston (14th Dist.) 1973, no writ). That case is distinguishable. There the judgment showed on its face that it was rendered in favor of a dead man. The person or persons who, under Tex.Rev.Civ.Stat.Ann. art. 5525, at the death of the injured party became the owners of the cause of action on which judgment was rendered were neither identified nor made parties to this suit. No one shown to be an owner of the cause of action sued on, or of any part of it, was a party to the suit.

The judgment of the trial court is affirmed.